By the Court.
In our view the decisive question in the case is whether the action by the bonding company was barred by the statute of limitations.
It will be observed from the statement that the suit was commenced by Healy, trustee, March 29, 1901. The undisputed facts show that the bonding company on August 6, 1901, paid to Healy, trustee, the full amount due to the trust estate; that on April 30, 1902, he paid over to his beneficiary all money due him and filed his voucher for it in the probate court. The powers and duties of the trustee thereby became fully completed and ended.
The amended petition was filed March 24, 1902, and included no reference to the bonding company or any payment by it. The answer of defendant was filed May 3, 1904, in the second defense of which it is averred that the bonding company, as surety of Santmeyer, had fully repaid and recompensed the trust estate for all loss on account of Santmeyer, that therefore no loss had been suffered by the trust and that plaintiff had no interest, as trustee or otherwise, in the alleged cause of action. The reply to this answer was a general denial.
Then, on October 19, 1908, the bonding company made its first appearance in the case by its application to be substituted as the plaintiff, in which application a copy of the receipt of Healy, trustee, delivered to it August 6, 1901, is set out, and in *369 which it is stated that said bonding company “is hereby subrogated” by reason of said payment and settlement to all rights which the trustee may have against any person whomsoever on account of the wrongful acts of Santmeyer.
This application was sustained and the defendant bank thereafter filed its amended answer, in which it avers that at the time of the filing of the application by the bonding company its cause of action was barred by the statute of limitations.
Section 11241, General Code, requires that an action must be prosecuted in the name of the real party in interest, except as provided in the next three succeeding sections, which do not apply here.
Defendant in error contends that Section 11261, General Code, authorizes the action taken in this case. The pertinent portion of this section is as follows: “Upon the disability of a party, the court may allow the action to continue by or against his representative, or successor in interest. On any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him.”
It is insisted that these provisions warranted the substitution of the bonding company at the time it was done and that the statute of limitations did not bar its right of action.
The sections referred to should, of course, be construed together and effect given to both, if this can be done.
When the suit was brought Healy, trustee, was the real party in interest. But the trust fund was *370 fully paid to the beneficiary on April 30, 1902, and the estate finally settled and terminated. So that after April 30, 1902, the original plaintiff trustee could not “prosecute” or “continue” the suit because there was no such trustee. Legally the plaintiff trustee was dead. This was the situation on the record from April 30, 1902, till October 19, 1908, more than six years. And, moreover, it must be noted that the reply in the case denied the allegation in the answer of the bank that the trust estate had been fully recompensed and paid all loss it had sustained.
On the issue thus made, and as it stood October 19, 1908, a trial would necessarily have resulted in favor of defendant bank after the disclosure of the exact situation.
Surely the bonding company would not contend that during this term it was prosecuting or would have prosecuted the cause in the name of the original plaintiff when the record disclosed that the same plaintiff was denying in effect that it had any right or interest in the case.
In Insurance Co. v. Carnahan, 63 Ohio St., 258, suits were brought by a partnership to recover on policies of insurance the amount of loss by fire. The suit was brought in the partnership name and it was held that “If in such case one of the partners dies, the plaintiff firm is under a disability within the meaning of Revised Statutes, Section 5012, and the action is in abeyance and cannot proceed without revivor by substitution of the representative or successor in interest, in place of the partnership.”
*371 So in this case, the legal existence of the trustee having completely terminated, there was a disability of the original plaintiff.
In Insurance Co. v. Carnahan, supra, there was no substitution, and this was held to be fatal because “the actions were not begun or 'prosecuted’ in the name of the real party in interest.”
In this case there was a substitution, more than six years after the disability of the original plaintiff and more than six years after the cause of action of the bonding company accrued. Did the substitution at that time prevent the application of the statute of limitations ?
It is well settled that where a substitution by amendment makes no change in the cause of action the amendment relates back to the commencement of the suit and stops the running of the statute of limitations at that point. If the substituted plaintiff introduces a new cause of action the defense of the statute is available.
In this case the legal liability of the bank to the original plaintiff trustee arose from the averments in the amended petition that it had purchased the trust property with knowledge of the facts. It was liable because of its fraud in assisting in the breach of the trust relationship between the trustee, Santmeyer, and his beneficiary. It took the bonds impressed with the trust and as a constructive co-trustee was liable for the wrongful act of conversion.
Now, the. bonding company’s claim arose substantially on the proposition that as the bank was a constructive cotrustee for the beneficiary, it should *372 have paid the value of the bonds into the trust estate; and as the bonding company paid the money which the bank should have paid, an implied promise arose in law that it would indemnify the company. The cause of action of the bonding company was a new and different one -from that of the original trustee. The receipt executed by Healy, trustee, is not and does not purport to be an assignment of the claim. The bonding company simply paid what it was obligated by its bond to pay.
In Poe v. Dixon, 60 Ohio St., 124, the court declare : “The authorities are quite numerous in holding that a-surety who has paid a debt for his principal may maintain an action on the implied promise of indemnity. The security having paid a debt which the principal ought to have paid, the law raises (or implies) a promise on the part of the principal to reimburse the surety, and the latter may maintain an action on the implied promise as for money paid for the use of the principal.”
It was further said in that case that “The rule that the period of limitation fixed for beginning an action of this kind is the same that applies generally to other actions upon implied and unwritten contracts, is also generally recognized. * * * This rule prevails in this state, and the period as fixed by statute above cited is six years.”
Many authorities are cited by the court in support of these propositions.
We think the plea of the statute of limitations set up in the answer of the bank should have been sustained.
*373 For these reasons the judgment of the court below will be reversed and the cause remanded with instructions to enter judgment in favor of the plaintiff in error.

Judgment reversed.

Johnson, Newman, Jones and Matthias, JJ., concur.
Nichols, C. J., and Donahue, J., not participating.